IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TARA GRISSOM**,<br><br>        Plaintiff,<br><br>        v.<br><br>**ESCALANTE GOLF, INC.,** *et al.*,<br><br>        Defendants. | Case No. 3:18-cv-01621-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

Defendants Escalante Golf, Inc., and Escalante Pumpkin Ridge, LLC, move pursuant to Rules 12(f) and 12(b)(6) of the Federal Rules of Civil Procedure to strike or dismiss certain claims from Plaintiff Tara Grissom's First Amended Complaint ("FAC"). For the reasons that follow, the Court grants Defendants' motion.

## BACKGROUND

Plaintiff alleges that she was hired to work as a bartender and server at the Pumpkin Ridge Golf Club in April 2017 and that she worked there until October 7, 2017. Plaintiff asserts that she slipped and fell in the workplace and suffered on-the-job injuries on or about May 14,

PAGE 1 – ORDER

2017. Plaintiff filed a workers' compensation claim in connection with those injuries on May 15, 2017. Plaintiff asserts that Defendants retaliated against her for seeking medical treatment by yelling at her, falsely accusing her of stealing money, and reducing her work schedule, among other allegations. Plaintiff brings this action for damages, alleging violations of several Oregon statutes.

## STANDARDS

A court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010); *see also Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). The disposition of a motion to strike is within the discretion of the district court. *See Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990). "Motions to strike are disfavored and infrequently granted." *Legal Aid Servs. of Oregon v. Legal Servs. Corp.*, 561 F. Supp. 2d 1187, 1189 (D. Or. 2008); *see also Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) ("Motions to strike are regarded with disfavor because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings." (quotation marks and alterations omitted)).

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-*

PAGE 2 – ORDER

*Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

## DISCUSSION

Defendants argue that all counts in Plaintiff's First Amended Complaint that are duplicative of and redundant with Plaintiff's First, Fifth, and Seventh Claims for Relief should be stricken or dismissed. The Court addresses each purportedly duplicative claim in turn.

### A. Claim Two

Plaintiff's Second Claim is titled, "Workers' Compensation Retaliation – Hostile Working Environment." That claim states in its entirety: "Plaintiff realleges paragraphs 1 through 15 and 17 through 20. By their conduct Defendants subjected Plaintiff to a hostile working environment in substantial part because she invoked Oregon's worker's compensation system." ECF 7. Defendants argue that this Claim incorporates the identical allegations from Plaintiff's First Claim, titled, "Workers' Compensation Retaliation - Terms and Conditions of Employment." Defendants argue that because there is no difference between the factual allegations supporting either claim, and because each claim is brought under the same statute (Or. Rev. Stat. § 659A.040), Claim two is redundant and should be stricken.

Plaintiff cites no authority for the proposition that a hostile working environment is a distinct cause of action from "retaliation – terms and conditions of employment" when the two claims are brought under the same statute with identical factual allegations. In fact, Plaintiff acknowledges that "in essence, in her Second Claim for Relief, Plaintiff alleges that the cumulative effect of Defendant's multiple acts of retaliation which she realleges from paragraph 15(a)-(p) of her First Claim for Relief created an actionable hostile working environment for her." ECF 24. Claim Two is redundant with Claim One. The Court, therefore, grants Defendants' motion to strike Claim Two.

**B. Claims Three, Four, and Nine**

Defendants argue that Plaintiff's Third Claim for Relief (Retaliation for Opposing Unlawful Employment Practices – Count One) and Fourth Claim for Relief (Retaliation for Opposing Unlawful Employment Practices – Count One) rely on the identical allegations underlying Plaintiff's First and Fifth Claims for Relief, adding only that Defendants violated O.R.S. § 659A.030(1)(f) in doing so. Plaintiff's Claim Nine is also brought under O.R.S. § 659A.030(1)(f), and labels substantially the same factual allegations as "Constructive Discharge in Retaliation for Opposing Unlawful Employment Practice." Defendants further argue that because Plaintiff has asserted a violation of O.R.S. § 659A.199 in Plaintiff's Fifth Claim based on the same factual allegations, Plaintiff's claims brought under O.R.S. § 659A.030(1)(f) should be struck as redundant.

O.R.S. § 659A.199 states, in relevant part:

> It is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation.

*Id.* O.R.S. § 659A.030, on the other hand, is entitled "[d]iscrimination due to race, color, religion, sex, sexual orientation, national origin, marital status or age" and states that it is an unlawful employment practice

> [f]or any person to discharge, expel or otherwise discriminate against any other person because that other person has opposed any unlawful practice, or because that other person has filed a complaint, testified or assisted in any proceeding under this chapter or has attempted to do so.

O.R.S. § 659A.030(1)(f). At least one court in this District has interpreted O.R.S. § 659A.030(1)(f) to protect only against discrimination or retaliation based on a protected status such as race, color, religion, sex, sexual orientation, marital status, age, or disability. *See Sereno-Morales v. Cascade Food Inc.*, 819 F. Supp. 2d 1148, 1154 (D. Or. 2011). Section 659A.199, on the other hand, expressly provides its own cause of action for whistleblower retaliation. Further, this Court has previously held that if § 659A.030(1)(f) provided a cause of action for violations of § 659A.199, it would be redundant and unnecessary. *Bauer v. Old Dominion Freight Line, Inc.*, 2019 WL 339404, *4 (D. Or. 2019).

Plaintiff argues that *Bauer* is inapplicable here because Plaintiff is not asserting that her § 659A.030(1)(f) claims are based on purported violations of § 659A.199, but instead is arguing that those claims are based in part on the fact that Plaintiff filed a BOLI complaint and the fact that Defendants allegedly retaliated against Plaintiff for doing so.[1] Plaintiff is correct that § 659A.030(1)(f) makes it an unlawful employment practice for any person to "discriminate against any other person . . . because that other person has filed a complaint." But Plaintiff gives no indication that her BOLI complaint asserted discrimination *based on a protected class*, which is what this Court has held 659A.030(1)(f) protects against. *Bauer*, 2019 WL 339404, *4 (D. Or.

---

[1] Of Plaintiff's claims asserted under § 659A.030(1)(f), only Claim Three mentions the BOLI complaint.

PAGE 5 – ORDER

2019). The Court, therefore, strikes Plaintiff's Third, Fourth, and Ninth Claims as redundant with Claim Five, Plaintiff's claim under O.R.S. § 659A.199.

## C. Claim Six

Defendants argue that the Court should strike Plaintiff's Sixth Claim for Relief because it, like Claim Five, is brought under O.R.S. § 659A.199, and is based on the same factual allegations. Plaintiff argues that Claim Six is distinct from Claim Five insofar as Claim Six "adds the allegation that Defendants subjected [Plaintiff] to a hostile working environment." As was the case for Plaintiff's stricken Claim Two, Plaintiff cites no authority for the proposition that a hostile working environment is a distinct cause of action under O.R.S. § 659A.199 when the two claims recite identical factual allegations. The Court therefore grants Defendants' motion to strike Claim Six.

## D. Claim Eight

Plaintiff's Eighth Claim for relief, like Plaintiff's First Claim, is brought under O.R.S. § 659A.040. Defendants argue that the claim is redundant and should be struck. Plaintiff responds that Claim Eight alleges that Defendants constructively terminated Plaintiff from her employment and that the analysis of a claim for constructive discharge is different from a claim for retaliation or a hostile working environment. Plaintiff cites *McGanty v. Staudenraus*, 321 Or. 532 (1995), in support of this argument.

*McGanty*, however, has nothing to do with a claim brought under O.R.S. § 659A.040. *Id.* at 534. That case concerned the tort of wrongful discharge, and the Oregon Supreme Court examined the elements of constructive discharge in that context. *Id.* at 556-57. O.R.S. § 659A.040 does not describe separate causes of action based on constructive discharge or other manners of discrimination, and Plaintiff cites no authority besides *McGanty* to show that the

multiple claims may be fashioned under this statute by labeling these claims differently. The Court, therefore, strikes Claim Eight.

**E. Claim Ten**

Plaintiff's Tenth Claim alleges another violation of § O.R.S. 659A.199, realleging identical facts as previous claims, and asserting that Defendants constructively discharged Plaintiff in violation of the statute. For the same reasons as stated above regarding Claim Eight, the Court strikes this Claim.

## CONCLUSION

The Court GRANTS Defendants' Rule 12 Motions Against Plaintiff's Amended Complaint (ECF 18) and strikes Plaintiff's Second, Third, Fourth, Sixth, Eighth, Ninth, and Tenth Claims for Relief as redundant. Plaintiff may proceed on her First, Fifth, and Seventh Claims.

**IT IS SO ORDERED.**

DATED this 3rd day of July, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge